In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-031 CR


NO. 09-01-032 CR


NO. 09-01-033 CR


NO. 09-01-034 CR


____________________



ZACHARY DESHAWN LEBLANC, a/k/a ZACHARY ACHAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 80957, 81891, 81892, and 82108






OPINION


 Zachary Deshawn LeBlanc, who is also known as Zachary Achan, pleaded guilty
as a repeat offender to robbery in cause No. 80957 (Appeal No. 09-01-031 CR). See Tex.
Pen. Code Ann. § 29.02 (Vernon 1994); see also Tex. Pen. Code Ann. § 12.42 (b)
(Vernon Supp. 2001). A plea bargain agreement between LeBlanc and the State placed an
upper limit of twenty years on the punishment range and required a sentence concurrent
with those for other specified offenses. The trial court assessed punishment at twenty
years of confinement in the Texas Department of Criminal Justice, Institutional Division. 

 On the same day as the proceedings in Cause No. 80957, LeBlanc pleaded guilty
as a repeat offender to robbery in cause No. 82108 (Appeal No. 09-01-034 CR). See 
Tex. Pen. Code Ann. § 29.02 (Vernon 1994); see also Tex. Pen. Code Ann. § 12.42
(b) (Vernon Supp. 2001). A plea bargain agreement between LeBlanc and the State capped
the punishment range at twenty years of incarceration and provided for a sentence
concurrent with those for other specified offenses. The trial court assessed punishment at
twenty years of confinement in the Texas Department of Criminal Justice, Institutional
Division. 

 On the same day as the proceedings described above, LeBlanc pleaded guilty as a
repeat offender to attempted robbery in cause No. 81892 (Appeal No. 09-01-033 CR). See
Tex. Pen. Code Ann. § 29.02 (Vernon 1994); Tex. Pen. Code Ann. § 15.01 (Vernon
1994); Tex. Pen. Code Ann. § 12.42 (a)(3) (Vernon Supp. 2001). A plea bargain
agreement between LeBlanc and the State placed a twenty year "cap" on the punishment
range and required that the sentence run concurrently with LeBlanc's other convictions. 
The trial court assessed punishment at twenty years of confinement in the Texas
Department of Criminal Justice, Institutional Division. 

 On the same day as the proceedings in Cause No. 80957, LeBlanc pleaded guilty
as a prior aggravated felony offender to unauthorized use of a motor vehicle in cause No.
81891 (Appeal No. 09-01-032 CR). See Tex. Pen. Code Ann. § 31.07 (Vernon 1994);
Tex. Pen. Code Ann. § 12.35 (c)(2)(A) (Vernon 1994). A plea bargain agreement
between LeBlanc and the State required that the sentence run concurrently with LeBlanc's
other convictions and resulted in state jail felony punishment. The trial court assessed
punishment at two years of confinement in a state jail facility. 

 Appellate counsel filed briefs in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The briefs conclude no arguable error which would support an appeal
is presented, a conclusion with which we concur. On April 26, 2001, LeBlanc was given
an extension of time in which to file a pro se brief if he so desired. As of today, we have
received no response from the appellant.

 The records contain written plea bargain agreements which provided for concurrent
sentences and upper limits on the assessment of punishment. Because the limitation on the
upper range of punishment was part of a plea bargain agreement, the notice of appeal must
comply with the rules of appellate procedure which apply to appeals from plea bargained
convictions. Delatorre v. State, 957 S.W.2d 145 (Tex. App.--Austin 1997, pet. ref'd). 


 The records contain proper admonishments and judicial confessions. See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001). We have reviewed the
clerk's records and the reporter's records and find no arguable error requiring us to order
appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). 

 The general notices of appeal filed in these causes do not comply with the form
required by the Rules of Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). Therefore,
we lack jurisdiction over the appeals. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App.
2001). The appellant raised no issues upon which we have jurisdiction, and we find no
arguable error upon which we would have jurisdiction. Accordingly, we dismiss the
appeals for want of jurisdiction. 

 APPEALS DISMISSED.

 PER CURIAM


Submitted on September 5, 2001

Opinion Delivered September 12, 2001

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.