In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-493 CR


NO. 09-00-494 CR


____________________



JADRIEN JOSEPH BARRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 80298 and 79971






OPINION


 Jadrien Joseph Barry pleaded no contest in cause No. 79971 (Appeal No. 09-00-494
CR) to aggravated assault on a public servant. Barry contemporaneously pleaded no
contest in cause No. 80298 (Appeal No. 09-00-493 CR) to the third degree felony
possession of a controlled substance, cocaine, in an amount of one gram or more but less
than four grams. Tex. Health & Safety Code Ann. § 481.115(a),(c) (Vernon Supp.
2001). The records reflect that written plea bargain agreements between Barry and the
State resulted in the abandonment of a repeat offender allegation, capped the punishment
range at twenty years in cause No. 79971 and ten years in cause No. 80298, and required
concurrent sentences. For the assaultive offense, the trial court assessed punishment at
twenty years of confinement in the Texas Department of Criminal Justice, Institutional
Division. For the drug offense, the trial court imposed a concurrent eight year sentence
of incarceration. 

 Appellate counsel filed a brief in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The brief concludes no arguable error which would support an appeal
is presented, a conclusion with which we concur. On May 17, 2001, Barry was given an
extension of time in which to file a pro se brief if he so desired. As of today, we have
received no response from the appellant.

 The records contain written plea bargain agreements which provided for concurrent
sentences and upper limits on the assessment of punishment. Because the limitation on the
upper range of punishment was part of a plea bargain agreement, the notices of appeal
must comply with the rules of appellate procedure which apply to appeals from plea
bargained convictions. Delatorre v. State, 957 S.W.2d 145 (Tex. App.--Austin 1997, pet.
ref'd). 

 The records contain proper admonishments and judicial confessions. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001). We have reviewed the
clerk's records and the reporter's records and find no arguable error requiring us to order
appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). 

 The general notices of appeal filed in these causes do not comply with the form
required by the Rules of Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). Therefore,
we lack jurisdiction over the appeals. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App.
2001). The appellant raised no issues upon which we have jurisdiction, and we find no
arguable error upon which we would have jurisdiction. Accordingly, we dismiss the
appeals for want of jurisdiction. 

 APPEALS DISMISSED.

 PER CURIAM


Submitted on September 5, 2001

Opinion Delivered September 12, 2001

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.