In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-211 CR


NO. 09-01-212 CR


____________________



RUVICEL ZACARIAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 82762 and 82764






OPINION


 Ruvicel Zacarias pleaded no contest in cause No. 82762 (Appeal No. 09-01-211
CR) to the third degree felony possession of marijuana in an amount of fifty pounds or less
but more than five pounds. Tex. Health & Safety Code Ann. § 481.121(a),(b)(4)
(Vernon Supp. 2002). Zacarias contemporaneously pleaded no contest in cause No. 82764
(Appeal No. 09-01-212 CR) to the second degree felony possession of a controlled
substance, cocaine, in an amount of four grams or more but less than two hundred grams. 
Tex. Health & Safety Code Ann. § 481.115(a),(d) (Vernon Supp. 2002). The records
reflect that written plea bargain agreements between Zacarias and the State capped the
punishment range at seven years in each cause and required concurrent sentences. The
trial court assessed punishment in each case at five years of confinement in the Texas
Department of Criminal Justice, Institutional Division. The trial court did not grant
permission to appeal. 

 Appellate counsel filed a brief in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The brief concludes no arguable error which would support an appeal
is presented, a conclusion with which we concur. On October 11, 2001, Zacarias was
given an extension of time in which to file a pro se brief if he so desired. Zacarias has
not filed a pro se brief. 

 The records contain written plea bargain agreements which provided for concurrent
sentences and upper limits on the assessment of punishment. Because the limitation on the
upper range of punishment was part of a plea bargain agreement, the notices of appeal
must comply with the rules of appellate procedure which apply to appeals from plea
bargained convictions. Delatorre v. State, 957 S.W.2d 145 (Tex. App.--Austin 1997, pet.
ref'd). 


 The general notices of appeal filed in these causes do not comply with the form
required by the Rules of Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). Therefore,
our appellate jurisdiction over these causes has not been invoked. White v. State, 61
S.W.3d 424, 429 (Tex. Crim. App. 2001). We have reviewed the clerk's records and the
reporter's records for issues over which appellate jurisdiction might exist, and have found
no arguable error requiring us to order appointment of new counsel. See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Accordingly, we dismiss the appeals for
want of jurisdiction.

 APPEALS DISMISSED.

 PER CURIAM


Submitted on February 1, 2002

Opinion Delivered February 6, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.