In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-508 CR


____________________



SANDRA LYNETTE MATTHEWS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82585






MEMORANDUM OPINION


 Sandra Lynette Matthews pleaded guilty to the state jail felony offense of delivery
of a controlled substance, cocaine, in an amount of less than one gram. See Tex. Health
& Safety Code Ann. § 481.112(a),(b) (Vernon Supp. 2002). Following a plea bargain
agreement between Matthews and the State, (1) the trial court sentenced Matthews to 14
months of confinement in a state jail facility. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 7, 2002, Matthews
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The general notice of appeal filed by Matthews failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (2) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Cf. Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App.1991). Matthews raises no points of error over which we have
jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM


Submitted on May 27, 2002

Opinion Delivered May 29, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The "Agreed Punishment Recommendation" limited the upper range of punishment
to 14 months of confinement in a state jail facility. These circumstances establish the
existence of a plea bargain agreement as to the punishment to be assessed by the trial
court. See Delatorre v. State, 957 S.W.2d 145 (Tex. App.- Austin 1997, pet. ref'd). 
2. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).