In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-473 CR


____________________



GREGORY JAMES WILLIAMS a/k/a JAMES GREGORY THOMAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83009






O P I N I O N


 Gregory James Williams, also known as James Gregory Thomas ("Williams"),
pleaded no contest to the felony offense of aggravated robbery. See Tex. Pen. Code Ann.
§ 29.03 (Vernon 1994). In accordance with a plea bargain agreement between Williams
and the State, (1) the trial court sentenced Williams to thirty-five years of confinement in the
Texas Department of Criminal Justice, Institutional Division. The trial court did not grant
permission for Williams to appeal. 

 Williams, acting pro se, filed a general notice of appeal that fails to comply with the
requirements of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). (2) 
After appeal was perfected, Williams's appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed. 493 (1967) and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concluded there was no
arguable error to support an appeal. 

 Williams then filed a pro se brief raising three issues. He contends: (1) he was
incompetent to stand trial; (2) his plea was involuntary; and (3) he received ineffective
assistance of counsel. 

 The State maintains that we lack jurisdiction because Williams failed to comply with
Rule 25.2(b)(3). We agree. The general notice of appeal filed by Williams failed to

invoke our appellate jurisdiction. See White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim.
App. 2001); Cooper v. State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001).

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). Williams raises no issues over which we have
jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM



Submitted on August 13, 2002 

Opinion Delivered August 28, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The "Agreed Punishment Recommendation" limited the upper range of
punishment to thirty-five years and also involved the dismissal of an additional case. 
These circumstances establish the existence of a plea bargain agreement as to the
punishment to be assessed by the trial court. See Delatorre v. State, 957 S.W.2d 145
(Tex. App.--Austin 1997, pet. ref'd).
2. Texas Rule of Appellate Procedure 25.2(b)(3) requires a notice of appeal in a plea
bargain context to state expressly that (1) the appeal is for a jurisdictional defect, (2) the
substance of the appeal was raised in writing and ruled on before trial, or (3) the trial court
granted permission to appeal. See Tex. R. App. P. 25.2(b)(3).