In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-203 CR


NO. 09-02-204 CR


____________________



CECIL JAMES HAYES, II, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 85799, 86022






O P I N I O N


 Pursuant to an agreed plea bargain, Cecil James Hayes, II pleaded guilty to two
counts, sexual assault of a child and arson. The trial court sentenced him to ten years
confinement in the Texas Department of Criminal Justice, Institutional Division ("TDCJ")
on each count, with the sentences to run concurrently. 

 The plea bargain agreement provided for (1) a "cap" of ten years on the sentence
in the TDJC; (2) the state to dismiss a third case; and (3) Hayes to be allowed to serve
Texas penitentiary time in another state, concurrently with punishment assessed for an
offense in the other state, with any balance of Texas time to be completed in Texas. 

 At the sentencing hearing, defense counsel requested that the court order any
penitentiary time to run concurrently with the time in the other state, pursuant to the plea
agreement. The trial court declined to do so, reasoning it could not issue such a ruling
because there was not presently a sentence in the other state. The trial judge stated: "The
last judge that handles the case is the one that has to run it concurrent. I can't run
something concurrent-- . . .. I can't run something concurrent that hasn't happened yet.
. . ." Hayes requested to withdraw his plea, but was told by the court: "We are not going
to let that happen. What is going to happen is Missouri will have to run it concurrent with
Texas."

 Hayes brings one issue. He maintains the trial court erred in accepting his guilty
plea as there is no showing the plea was made freely and voluntarily as required by article
26.13 of the Texas Code of Criminal Procedure. The State contends we lack jurisdiction
and should dismiss the appeal, as Hayes's general notice of appeal fails to comply with
Tex. R. App. P. 25.2(b)(3). We agree.

 Because the limitation on the upper range of punishment was part of a plea bargain
agreement, the notice of appeal must comply with the rules of appellate procedure that
apply to appeals from plea bargained convictions. Delatorre v. State, 957 S.W.2d 145
(Tex. App.--Austin 1997, pet. ref'd). Where a defendant appeals from a judgment
rendered on a plea of guilty or nolo contendere and the punishment assessed did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must: (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). 

 The Texas Court of Criminal Appeals recently held that the courts of appeal lack
jurisdiction to consider an appeal, even for voluntariness issues, where the appellant has
failed to comply with the notice requirements of Rule 25.2(b) after having pleaded guilty
in a plea-bargained, felony case. See Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim.
App. 2001). The Cooper Court also notes that meritorious claims of involuntary pleas
may be raised by other means, such as a motion for new trial and habeas corpus. Id. at
82.

 Here, the trial court did not follow the plea bargain agreement, but it did not exceed
the punishment recommended by the State, which was a maximum of ten years in TDCJ. 
Thus, to invoke our jurisdiction Hayes was required to comply with Rule 25.2(b). Since
he did not, we dismiss his appeal for want of jurisdiction.

 DISMISSED FOR WANT OF JURISDICTION.

 PER CURIAM

Submitted on October 21, 2002 

Opinion Delivered October 30, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.