In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-278 CR


NO. 09-02-279 CR


NO. 09-02-280 CR


NO. 09-02-281 CR


NO. 09-02-282 CR


NO. 09-02-283 CR


NO. 09-02-284 CR


____________________



GREGORY JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 85477, 85478, 85479,


85480, 85481, 85482 and 85483






MEMORANDUM OPINION


 Gregory Jones pleaded guilty to three indictments for the first degree felony offense
of aggravated robbery, in Cause Nos. 85477 (Appeal No. 09-02-278 CR), 85478 (Appeal
No. 09-02-279 CR), and 85479 (Appeal No. 09-02-280 CR). See Tex. Pen. Code Ann.
§ 29.03(a)(2) (Vernon 1994). He contemporaneously pleaded guilty in Cause No. 85480
(Appeal No. 09-02-281 CR) to the second degree felony offense of aggravated assault. See
Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon 1994). At the same time, Jones pleaded
guilty to three indictments for state jail felony offenses: unauthorized use of a motor
vehicle in Cause Nos. 85481 (Appeal No. 09-02-282 CR) and 85482 (Appeal No. 09-02-283 CR), and evading arrest involving the use of a motor vehicle in Cause No. 85483
(Appeal No. 09-02-284 CR). Tex. Pen. Code Ann. §§ 31.07; 38.04(a), (b)(1) (Vernon
1994 & Supp. 2003). Written plea bargain agreements between Jones and the State
provided for a limitation of 20 years of confinement on the first degree felonies and
required concurrent sentences for all seven convictions. 

 Appellate counsel filed a brief that concludes no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On October 24, 2002, we
granted Jones an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeals involve the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notices of appeal filed by Jones failed to invoke our appellate jurisdiction.
White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Delatorre v. State, 957
S.W.2d 145, 148-49 (Tex. App.--Austin 1997, pet. ref'd). (1) 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Jones raises no points of error, and
we find no arguable error upon which we would have jurisdiction. Accordingly, we
dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED.

 PER CURIAM

Submitted on February 4, 2003

Opinion Delivered February 12, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.











1. For appeals perfected before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). Defense counsel sought, but did not
obtain, permission to appeal.