In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-292 CR


____________________



KEVIN ANDRE HANCHETT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 84259






MEMORANDUM OPINION


 Kevin Andre Hanchett pleaded no contest to aggravated assault. In accordance with
the Agreed Punishment Recommendation, the trial court sentenced Hanchett to ten years'
confinement in the Texas Department of Criminal Justice, Institutional Division. 

 The State is correct in asserting that this Court does not have jurisdiction over the
appeal because of Hanchett's failure to comply with the requirements of Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure. The procedure for plea bargain agreements
applies where the prosecution and the defense agree to limit, or "cap," the upper range of
punishment. See Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex. App.--Austin 1997,
pet. ref'd). We find the court followed a plea bargain agreement. Therefore, the general
notice of appeal filed by Hanchett failed to invoke our appellate jurisdiction. See White
v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77
(Tex. Crim. App. 2001). (1)
 Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on February 18, 2003 

Opinion Delivered February 26, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. For appeals perfected before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. See Tex. R. App. P. 25.2(b)(3).