# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00058-CR
### NO. 03-11-00092-CR

**Troy Edward Hines, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NOS. 2010R-078 & 2010R-079, HONORABLE DAN R. BECK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Troy Edward Hines seeks to appeal judgments of conviction for indecency with a child and sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.11, 22.011 (West 2011). We dismiss the appeals for want of jurisdiction.

On June 24, 2010, appellant was indicted in cause number 2010R-078 for one count of indecency with a child by contact and in cause number 2010R-079 for two counts of sexual assault of a child, one count of indecency with a child by contact, and two counts of indecency with a child by exposure. On December 8, 2010, appellant appeared in the district court and entered pleas of guilty to the indecency by contact alleged in cause number 2010R-078 and to the sexual assault, indecency by contact, and indecency by exposure alleged in counts one, three, and four of cause number 2010R-079. In exchange for these guilty pleas, the State agreed to abandon the

two remaining counts in cause number 2010R-079 and to recommend a cap of twelve years' imprisonment. On December 28, 2010, after hearing testimony and receiving other evidence relevant to punishment, the district court assessed punishment at seven years' imprisonment for each offense, to run concurrently.

If a defendant pleads guilty and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, the defendant must have the trial court's permission to appeal except as to those matters that were raised by written motion filed and ruled on before trial. Tex. R. App. P. 25.2(a)(2). An agreement to cap punishment at a certain number of years, below which the trial court may exercise its discretion, is a punishment agreement within the meaning of this rule. *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 148-49 (Tex. App.—Austin 1997, pet. ref'd). Because the punishment assessed in these causes does not exceed the cap agreed to by appellant, his right of appeal is limited by rule 25.2.

Appellant's sole contention on appeal is that the State suggested by its questions at the punishment hearing that appellant had committed extraneous offenses, but the State failed to prove those offenses beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2010). Under rule 25.2, this is not a matter that appellant may appeal without the trial court's permission. The record does not contain a certification showing that the trial court gave its permission to appeal. Absent this certification, the appeals must be dismissed. Tex. R. App. P. 25.2(d).

The appeals are dismissed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   August 11, 2011

Do Not Publish

3