COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF ABATEMENT

| | |
|---|---|
| Style: | Sacajawea Warren v. The State of Texas |
| Appellate case number: | 01-12-00649-CR |
| Trial court: | 338th District Court, Harris County, Texas |
| Trial court case number: | 1301748 |

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every criminal case in which the trial court enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). Generally, unless a certification showing that the defendant has the right to appeal has been made part of the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d). Rule 44.4, however, prohibits dismissal of an appeal based on a remediable error and requires this Court to direct the trial court to correct such error. *See* TEX. R. APP. P. 44.4; *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (holding that intermediate court should have determined that certifications were defective and acted to have them corrected).

The trial court's certification of the appellant's right to appeal in the above-referenced case is not supported by the record. The record reflects that appellant pleaded guilty without an agreed recommendation regarding punishment. The certification states that appellant waived the right of appeal. The clerk's record contains an executed waiver form; however, the record reflects that it was executed prior to sentencing and nothing in the record before us reflects that the waiver was given in exchange for consideration from the State. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that defendant may validly execute presentencing waiver if State gives consideration for waiver); *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (holding that pretrial waiver of appeal is valid when made in exchange for sentencing recommendation from State); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd) ("A written or oral waiver prevents a defendant from appealing as long as the waiver was made knowingly and intelligently *and* with certainty as to what punishment would be assessed.").

Accordingly, we abate the appeal and remand the cause to the trial court. The trial court is directed to prepare an amended certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1; *Dears*, 154 S.W.3d at 614–15 (providing for amendment of certification to correct defect or omission, including defect in notification of defendant's appellate rights). We further order the district clerk to include the trial court's

certification in a supplemental clerk's record and to file the record in this Court **no later than December 27, 2012**. *See* TEX. R. APP. P. 34.5(c).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a record that complies with this order is filed with the Clerk of this Court.

Appellant's motion to direct the trial court to amend the certification is **granted**. Appellant's motion for extension of time to file a brief is **dismissed**. Appellant's brief is due 30 days after the appeal is reinstated.

It is so **ORDERED**.

Judge's signature: /s/ Justice Higley
        ⊠  Acting individually    □  Acting for the Court

Date: December 6, 2012