ACCEPTED
03-15-00181-CR
4672166
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 12:32:29 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00181-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 12:32:29 PM
JEFFREY D. KYLE
Clerk

_____

On Appeal from the 277th Judicial District Court, of
Williamson County, Texas
In Cause No. 85-355-K2

_____

JAMES OTIS CLARY
*Appellant*
v.
THE STATE OF TEXAS,
*Appellee*

_____

STATE'S MOTION TO DISMISS
_____

**TO THE HONORABLE COURT**:

**COMES NOW** Appellee, the State of Texas, by and through the undersigned assistant district attorney, and files this Motion to Dismiss.

The State contends that this Court should dismiss this appeal because (1) the Defendant's waiver of his right to appeal in the trial court divests this court of jurisdiction, and (2) the Defendant's notice of appeal is untimely by approximately 40 years.

In support hereof, Appellant would show this Court the following:

## I. Appellant has Waived his Right to Appeal

Appellant was convicted and sentenced to life in prison in the above cause on September 19, 1985, pursuant to a plea bargain. *See* Exhibit A. As part of his acceptance of the plea bargain, and the trial court accepting said plea bargain and pronouncing the agreed upon sentence, Appellant waived his right to appeal. *See* Exhibit B. Therefore the trial court cannot certify that Appellant has a right to appeal and the appeal must be dismissed pursuant to Tex. R. App. P. 25.2(d).

Further, nothing in Appellant's notice of appeal indicates he received permission from the trial court to appeal the results of his plea bargain. Hence his appeal is barred under Tex. R. App. P. 25.2(a)(2) and Tex. Code Crim. Proc. Art. 44.02.

## II. Appellant's Notice of Appeal is Untimely

Tex. R. App. P. 26.2(a) requires notice of appeal within 30 days after the trial court imposes the sentence or enters the appealable order or within 90 days if the Appellant files a timely motion for new trial. Appellant filed his notice of appeal on March 19, 2015, almost 40 years after his sentencing date of September 19, 1985. Therefore, Appellant has not perfected his appeal and this court should not entertain it. *See e.g. Delatorre v. State*, 957 S.W.2d 145 (Tex. App.—Austin 1997).

III.     **Prayer**

WHEREFORE PREMISES CONSIDERED, Appellant respectfully requests

that this Court dismiss the instant appeal for want of jurisdiction.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
John C. Prezas
Assistant District Attorney
State Bar Number 24041722
405 Martin Luther King #1
Georgetown, Texas 78626
(512) 943-1248
(512) 943-1255 (fax)
jprezas@wilco.org

## CERTIFICATE OF SERVICE
I certify that a copy of the State's Motion to Dismiss has been sent by regular mail to Applicant, on March 27, 2015, to the following address:
Mr. James O. Clary, Petitioner
TDJC# 406109
379 FM 2972 West— Hodge Unit
Rusk, TX 75785-3666

_/S/ John C. Prezas_____
John C. Prezas

## CERTIFICATE OF COMPLIANCE
I certify that the State's answer contains 357 words, after applicable exclusions, in compliance with amended Texas Rule of Appellate Procedure 9.4(3)

_/S/ John C. Prezas_____
John C. Prezas

# EXHIBIT A

(Judgment, Sentence, Plea Bargain Agreement)

NO. 85-355-K

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| VS. | X | WILLIAMSON COUNTY, TEXAS |
| JAMES OTIS CLARY | X | 26TH JUDICIAL DISTRICT |

## PLEA BARGAINING AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas, by and through her District Attorney, the defendant, __James Otis Clary__, and the defendant's attorney, __Rip Collins__, and for the purposes of Articles 26.13 and 44.02 of the Texas Code of Criminal Procedure, inform the Court that a plea bargaining agreement exists in this cause, to-wit:

The defendant agrees to waive indictment in this cause and proceed on an information filed by the State. The defendant agrees to plead guilty to the offense alleged in the information. The State recommends confinement in the Texas Department of Corrections for Life.

"The parties further agree that there shall be no affirmative finding that a deadly weapon was used or exhibited during the course of this offense."

The above is a correct statement of the plea bargaining agreement of the parties in this cause.

SIGNED the ____19th__ day of ____September____, 19__85__.

FILED
4:15 o'clock P.M.
SEP 19 1985
BONNIE J. WOLBRUECK
District Clerk
Williamson County

KEN ANDERSON
DISTRICT ATTORNEY
WILLIAMSON COUNTY, TEXAS

By _____

_____
Defendant

_____
Attorney for Defendant

NO. 85-355-K

THE STATE OF TEXAS

VS.

JAMES OTIS CLARY

IN THE DISTRICT COURT OF

WILLIAMSON COUNTY, TEXAS

26TH JUDICIAL DISTRICT

## JUDGMENT OF THE COURT

On the 19th day of September, 19 85, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by her District Attorney and the defendant, James Otis Clary, appeared in person, defendant's counsel, Rip Collins, also being present, thereupon the defendant and the defendant's counsel, in open court and in writing, waived the right to be tried in this case by a grand jury indictment and requested that this case proceed on an information. The Court advised the defendant of the defendant's right to be charged by a grand jury indictment and it appearing to the Court that the defendant understood this right and understood the nature of the charges against the defendant, the Court approved the waiver of indictment and approved prosecution in this case by information. Both sides announced ready for trial, and it appearing to the Court that the defendant, defendant's counsel, and the State have agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court; and the Court having consented to the waiver of a jury herein, the reading of the information was waived, and the defendant, upon being asked by the Court as to how the defendant pleaded, entered a plea of "GUILTY" to the charge in the information relied upon by the State; thereupon the defendant was admonished by the Court of the consequences of said plea, and it appearing to the Court that the said defendant is sane and that the defendant is not influenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting a confession of guilt, the said plea of "GUILTY" is by the Court received and is here now entered of record in the Minutes of the Court as the plea herein of the said defendant; and the Court after having heard all evidence for the State and the defendant, and having heard argument of counsel, is of the opinion and finds that the defendant is guilty of the offense of Murder _____ and that the said defendant committed said offense on the 17th day of November, 19 83, as confessed in said plea of guilty.

It is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court VOL __070__ PG __123__

that the defendant is guilty of the offense of _____Murder_____

_____, as confessed in said plea of guilty herein

made, and that punishment be fixed, as determined by the Court, by confinement

in the Texas Department of Corrections for a period of _____life_____

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx , and the State of Texas do have

and recover of said defendant all Court costs in this prosecution expended for

which execution will issue; and the the said defendant is hereby remanded to

jail, or if the defendant be on bond, said defendant is continued on the same

bond, pending the further orders of the Court.

SIGNED this the __19__ day of __September__ 1985.

_____
JUDGE PRESIDING

FILED
9:40 o'clock A M
SEP 23 1985
_____
Deputy Clerk, _____ Co.

VOL 030 PAGE 124 NO. _____85-355-K_____

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| VS. | X | WILLIAMSON COUNTY, TEXAS |
| JAMES OTIS CLARY | X | 26TH JUDICIAL DISTRICT |

## SENTENCE

On the ___19th___ day of ___September___, 19 85, this cause being called, the State appeared by ___her District Attorney___, and the defendant, ___James Otis Clary___, being in open court in person, defendant's counsel, ___Rip Collins___, also being present, for the purpose of having the sentence of the law pronounced in accordance with the Judgment heretofore entered in this cause, and the defendant being asked by the Court if sufficient reason existed why the sentence should not be pronounced, failed to give such reason, whereupon the Court proceeded, in the presence of the said defendant, to pronounce sentence as follows:

It is the ORDER of the Court that the defendant, who has been adjudged guilty of the offense of ___Murder_____

_____,

be and is hereby sentenced to confinement in the Texas Department of Corrections for X  life, ___XXXXXX and that said defendant be taken by the authorized agent of the State of Texas or by the Sheriff of Williamson County, Texas, and by him safely conveyed and delivered to the Director of the Texas Department of Corrections, there to be confined in the manner and for the period aforesaid.

It is further ORDERED by the Court that the defendant be credited on this sentence with ___X613_____ days on account of the time spent in jail in this cause and the Sheriff of Williamson County, Texas, is directed to attach to the commitment papers a statement assessing the defendant's conduct while in jail.

SIGNED this the X  19  day of ___September___, 1985.

_____
JUDGE PRESIDING

9:40 o'clock _____A____M

SEP 2 3 19__

_____
District Clerk, Williamson C___

# EXHIBIT B

(Waiver of Appeal)

NO. 85-355-K

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | I | WILLIAMSON COUNTY, TEXAS |
| JAMES OTIS CLARY | I | 26TH JUDICIAL DISTRICT |

## WAIVER OF RIGHT TO APPEAL

NOW COMES the defendant in the above entitled and numbered cause, after having been sentenced by the Court in accordance with the punishment assessed in this cause, and after being informed by the Court of my right to appeal to the Court of Appeals of Texas, and of my right to be represented on appeal by an attorney of my choice or if I am too poor to pay for such attorney or the record on appeal, that the Court will, without expense to me, provide me with an attorney and a proper record for such appeal, and after consulting with my attorney, I hereby voluntarily, knowingly and intelligently waive the right to appeal by affixing my signature hereto.


**DEFENDANT**

I have consulted with the defendant and advised the defendant of the right to appeal this cause as outlined above, and concur with the defendant's voluntarily, knowingly and intelligently waiving the right to appeal.

**ATTORNEY FOR DEFENDANT**

It clearly appearing to the Court that the defendant, after having the right to appeal explained to the defendant by the Court and the defendant's attorney, understands the consequences of waiving the right to appeal, and that the defendant voluntarily, knowingly, and intelligently waived such right, said waiver is accepted by the Court and ordered filed of record in the minutes of this case.

SIGNED this the 19th day of September, 19 85.

**JUDGE PRESIDING**