In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-02-059 CR


____________________



JOSEPH GREEN, a/k/a OTIS GREEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 85315






MEMORANDUM OPINION


 Joseph Green pleaded guilty to the state jail felony offense of delivery of a
controlled substance, cocaine, in an amount of less than one gram. See Tex. Health &
Safety Code Ann. § 481.112(a),(b) (Vernon Supp. 2002). Following a plea bargain
agreement between Green and the State, (1) the trial court sentenced Green to eighteen
months of confinement in a state jail facility.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 6, 2002, Green was
given an extension of time in which to file a pro se brief. We received no response from
the appellant. Because the appeal involves the application of well-settled principles of law,
we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The general notice of appeal filed by Green failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77 (Tex. Crim. App. 2001). (2) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Green raises no points of error over which we
have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on September 12, 2002

Opinion Delivered September 18, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The "Agreed Punishment Recommendation" limited the upper range of punishment
to eighteen months of confinement in a state jail facility. These circumstances establish
the existence of a plea bargain agreement as to the punishment to be assessed by the trial
court. See Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex. App.-Austin 1997, pet.
ref'd). 
2. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).