In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-01-351 CR


____________________



EMMANUEL J. BOSWELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 80911






MEMORANDUM OPINION


 Emmanuel J. Boswell pleaded no contest to the first degree felony offense of
aggravated robbery. See Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). Following
a plea bargain agreement between Boswell and the State, (1) the trial court sentenced Boswell
to ten years of confinement in the Texas Department of Criminal Justice, Institutional
Division.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 30, 2002, Boswell
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The general notice of appeal filed by Boswell failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (2) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Boswell raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on September 12, 2002

Opinion Delivered September 18, 2002 

Do Not Publish

Before Walker, C.J., Burgess and Gaultney, JJ.
1. The "Agreed Punishment Recommendation" limited the upper range of punishment
to 10 years of confinement in the Texas Department of Criminal Justice, Institutional
Division, and called for the dismissal of another indictment. These circumstances establish
the existence of a plea bargain agreement as to the punishment to be assessed by the trial
court. See Delatorre v. State, 957 S.W.2d 145 (Tex. App.-Austin 1997, pet. ref'd). 
2. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).