In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-026 CR


NO. 09-02-027 CR


____________________



DERLIN WAYNE JACOBS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 67364 and 84793






MEMORANDUM OPINION


 Derlin Wayne Jacobs entered a guilty plea in Cause No. 67364 to the first degree
felony offense of aggravated sexual assault on a child. Tex. Pen. Code Ann. § 22.021
(Vernon Supp. 2002). Following a plea bargain agreement between Jacobs and the State, 
the trial court deferred adjudication of guilt, then placed Jacobs on community supervision
for ten years and fined him $2000. In a subsequent hearing, the trial court found that
Jacobs violated the terms of the community supervision order by committing a criminal
offense. The trial court assessed punishment at thirty-five years of confinement in the
Texas Department of Criminal Justice, Institutional Division. 

 On the day the trial court heard the motion to revoke in Cause No. 67364, Jacobs
pleaded guilty in Cause No. 84793 to the first degree felony offense of aggravated sexual
assault on a child. Following a plea bargain agreement between Jacobs and the State, the
trial court convicted Jacobs and assessed punishment at thirty-five years of confinement
in the Texas Department of Criminal Justice, Institutional Division. The trial court
ordered the sentences to be served concurrently. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 20, 2002, we
granted Jacobs an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeals involve the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The notice of appeal filed by Jacobs in Cause No. 84793 failed to invoke our
appellate jurisdiction to review issues relating to his convictions. White v. State, 61
S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Delatorre v. State, 957 S.W.2d 145, 148-49
(Tex. App.--Austin 1997, pet. ref'd). (1) Although a general notice of appeal invokes our
jurisdiction to consider issues relating to the process by which Jacobs was punished in
Cause No. 67364, no error relating to punishment was preserved. Vidaurri v. State, 49
S.W.3d 880, 883-885 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment in Appeal No. 09-02-026 CR is AFFIRMED. Appeal No. 09-02-027
CR is DISMISSED.


 PER CURIAM

Submitted on October 18, 2002 

Opinion Delivered October 23, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.




1. In a plea-bargained, felony case, the notice of appeal must specify that the appeal
is for a jurisdictional defect, specify that the substance of the appeal was raised by written
motion and ruled on before trial, or state the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). Although the trial court stated that the plea was "unagreed," a written
plea bargain agreement, which called for a "cap" on punishment at a thirty-five year
sentence, is included in the record.