In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-478 CR


____________________



JUAN ROBLEDO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83135






MEMORANDUM OPINION


 Juan Robledo pleaded no contest to the felony offense of driving while intoxicated.
See Tex. Pen. Code Ann. §§ 49.04, 49.09 (Vernon Supp. 2002). Following a plea
bargain agreement between Robledo and the State, the trial court sentenced Robledo to
twenty years of confinement in the Texas Department of Criminal Justice, Institutional
Division. (1) 

 Retained appellate counsel filed a brief that concludes that the appellate record
presents no error which would arguably support an appeal. (2) On August 1, 2002, Robledo
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The general notice of appeal filed by Robledo failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77 (Tex. Crim. App. 2001). (3) 


 Our review of the clerk's record and the reporter's record reveals no arguable error
meriting further briefing. Robledo raises no points of error over which we have
jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on November 20, 2002

Opinion Delivered November 27, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The "Agreed Punishment Recommendation" reduced the number of enhancement
allegations so that Robledo had repeat offender rather than habitual offender status, and
limited the upper range of punishment to 20 years of confinement in the Texas Department
of Criminal Justice, Institutional Division. These circumstances establish the existence of
a plea bargain agreement as to the punishment to be assessed by the trial court. See
Delatorre v. State, 957 S.W.2d 145 (Tex. App.-Austin 1997, pet. ref'd). 
2. Our obligation to review the record for arguable error applies only in cases where
counsel has been appointed to represent an indigent defendant. See Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978). However, there is no prohibition against hybrid representation,
nor are we prohibited from conducting our own review of the record for arguable error in
a case where retained counsel files a brief that concedes there is no error in the judgment.
3. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).