In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-196 CR


____________________



ANTHONY WAYNE WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85188






MEMORANDUM OPINION


 Anthony Wayne Wilson pleaded guilty to the state jail felony offense of delivery of
a controlled substance, cocaine, in an amount of less than one gram. See Tex. Health &
Safety Code Ann. § 481.112(a),(b) (Vernon Supp. 2003). The trial court sentenced
Wilson to 16 months of confinement in the Texas Department of Criminal Justice, State
Jail Division. 


 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 1, 2002, Wilson
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 We first address the State's contention that this Court does not have jurisdiction
over the appeals because of Wilson's failure to comply with the requirements of Rule
25.2(b)(3) of the Texas Rules of Appellate Procedure. There is no written plea bargain
agreement in the clerk's record. A document titled "Unagreed Punishment
Recommendations" states "16 month cap." (emphasis added). However, the trial court
specifically stated that a "plea bargain cap of sixteen months had been previously rejected"
because the defendant failed to appear in court for the scheduled hearing, but that the court
would "re-institute the sixteen month cap as a binding maximum." The procedure for plea
bargain agreements applies where the prosecution and the defense agree to limit, or "cap,"
the upper range of punishment. See Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex.
App.-Austin 1997, pet. ref'd). We find the court followed a plea bargain agreement. 
Therefore, the general notice of appeal filed by Wilson failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77 (Tex. Crim. App. 2001). (1) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Wilson raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on November 20, 2002

Opinion Delivered November 27, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).