In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-482 CR


____________________



JASON DWAYNE SHIELDS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82794






MEMORANDUM OPINION


 Jason Dwayne Shields pleaded no contest to the state jail felony offense of burglary
of a building. See Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon Supp. 2003). Following
a plea bargain agreement between Shields and the State, (1) the trial court sentenced Shields
to one year of confinement in a state jail facility.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 5, 2002,
Shields was given an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The general notice of appeal filed by Shields failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (2) 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Shields raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM


Submitted on January 2, 2003

Opinion Delivered January 15, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The "Agreed Punishment Recommendation" provided for dismissal of another
indictment and for its consideration in punishment. See Tex. Pen. Code Ann. § 12.45
(Vernon 1994). In addition, the State agreed to eighteen months of confinement as the
upper limit of the range of punishment. These circumstances establish the existence of a
plea bargain agreement as to the punishment to be assessed by the trial court. See
Delatorre v. State, 957 S.W.2d 145 (Tex. App.-Austin 1997, pet. ref'd). 
2. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).