In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-336 CR


____________________



SHAUN JOSEPH EDWARDS, a/k/a SHAUN JOSEPH THOMPSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 84944






MEMORANDUM OPINION


 Shaun Joseph Edwards, a/k/a Shaun Joseph Thompson pleaded no contest to the
second degree felony offense of sexual assault of a child. See Tex. Pen. Code Ann. §
22.011(a)(2)(A),(f) (Vernon 2003). The trial court sentenced Edwards to five years of
confinement in the Texas Department of Criminal Justice, Institutional Division. Edwards
filed notice of appeal on July 22, 2002. 


 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 13, 2003,
Edwards was given an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The "Agreed Punishment Recommendation," which limited the upper range of
punishment to ten years, established the existence of a plea bargain agreement as to the
punishment to be assessed by the trial court. See Delatorre v. State, 957 S.W.2d 145,
148-49 (Tex. App.-Austin 1997, pet. ref'd). The trial court sentenced the appellant within
the plea bargain agreement. Therefore, the general notice of appeal filed by Edwards
failed to invoke our appellate jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001); Cooper v. State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1)

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Edwards raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on May 23, 2003

Opinion Delivered June 4, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3).