In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-175 CR


NO. 09-02-176 CR


____________________



JOHN HAROLD PRICE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 84917, 85279






O P I N I O N


 John Harold Price pleaded guilty to felony theft and no contest to burglary of a
habitation. The trial court sentenced Price to two years' confinement in the Texas
Department of Criminal Justice, Institutional Division for the theft, ten years' confinement
in the Texas Department of Criminal Justice, Institutional Division for the burglary, and
ordered the sentences to run concurrently. Price filed a general notice of appeal on April
19, 2002.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 9, 2003, Price
was given an extension of time in which to file a pro se brief. Price has filed a pro se brief
raising two grounds on appeal.

 The "Agreed Punishment Recommendation," which limited the upper range of
punishment to two years for the theft, and the "Agreed Punishment Recommendation,"
which limited the upper range of punishment to ten years for the burglary, established the
existence of a plea bargain agreement as to the punishment to be assessed by the trial
court. See Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex. App.--Austin 1997, pet.
ref'd). The trial court sentenced the appellant within the plea bargain agreement.
Therefore, the general notice of appeal filed by Price failed to invoke our appellate
jurisdiction. See White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper
v. State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1)

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Price raises no points of error over which we
have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on July 23, 2003 

Opinion Delivered August 13, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. For appeals commenced before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3).