In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-481 CR


____________________



DANIEL RAY BRUNO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 84783






MEMORANDUM OPINION (1)



 Daniel Ray Bruno pleaded guilty to the third degree felony offense of unlawful
possession of a firearm by a felon. See Tex. Pen. Code Ann. § 46.04 (a)(1),(e) (Vernon
2003). Following a plea bargain agreement between Bruno and the State that set an upper
limit on the range of punishment, the trial court sentenced Bruno to six years of
confinement in the Texas Department of Criminal Justice, Institutional Division. Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 26, 2003, Bruno
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. 

 The "Agreed Punishment Recommendation," which limited the upper range of
punishment to 6 years, established the existence of a plea bargain agreement as to the
punishment to be assessed by the trial court. See Delatorre v. State, 957 S.W.2d 145
(Tex. App.-Austin 1997, pet. ref'd). The trial court sentenced the appellant within the
terms of the plea bargain agreement. Therefore, the procedures for plea-bargained felony
cases apply to this appeal. Because the appeal was perfected before January 1, 2003, the
notice of appeal must specify that the appeal is for a jurisdictional defect, specify that the
substance of the appeal was raised by written motion and ruled on before trial, or state the
trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3) (1997, amended
2003). The general notice of appeal filed by Bruno failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Bruno raises no points of error over which we
have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on October 15, 2003

Opinion Delivered October 22, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.