**William Mark PERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00547–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 17, 1987.

Michael Ramsey, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, John Kyles, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUNN and SAM BASS, JJ.

**ON MOTION FOR REHEARING**

SAM BASS, Justice.

This is an appeal from a conviction of murder. A jury trial was waived. The court found appellant guilty and assessed punishment at 45 years confinement.

We affirm the judgment on motion for rehearing, and withdraw our prior opinion dated June 11, 1987. The record has been supplemented with appellant's authorization to disclose the pre-sentence investigation report to the judge prior to the court's finding of guilt. Additionally, two affidavits by the court's probation officer and the trial judge were included in the appellate record, stating that appellant wanted the trial judge to consider the pre-sentence investigation report prior to adjudicating his guilt.

In point of error one, appellant contends that the court erred in viewing the pre-sentence investigation report before determining appellant's guilt.

Tex.Code Crim.P.Ann. art. 42.12 secs. 4(a), (c) (Vernon Supp.1987), states in pertinent part:

> [P]rior to the imposition of sentence by the court in a criminal case the court shall direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the criminal social history of the defendant, and any other

information relating to the defendant or the offense requested by the court.

The court may not inspect a report and the contents of the report may not be disclosed to any person unless:

1) the defendant pleads guilty or nolo contendere or is convicted of the offense; or

2) *the defendant, in writing, authorizes the judge to inspect the report.* [Emphasis added].

The appellant pled not guilty. The case was tried on April 7, 1986, and the court recessed until May 7, 1986, for a pre-sentence investigation report. On April 30, 1986, appellant signed a document authorizing the trial judge to inspect the pre-sentence investigation report prior to a finding of guilt. It is undisputed by all parties that the court reviewed the pre-sentence investigation report at least twice before the defendant's entry of a verdict of guilty on May 23, 1986.

The inspection of the pre-sentence investigation report in this case is permitted by Tex.Code Crim.P.Ann. art. 42.12 sec. 4(c)(2).

Point of error one is overruled.

 In point of error two, appellant asserts that the affirmative finding by the trial judge that a deadly weapon was used in the commission of the instant offense should be stricken from the judgment because appellant had no notice that the State would seek such a finding.

In the recent opinion of *Ex parte Patterson,* 740 S.W.2d 766 (Tex.Crim.App., 1987), the Court of Criminal Appeals expressly addressed the issue of what notice is required in order to support the submission of a special issue to the jury as to whether a deadly weapon was used or exhibited during the commission of the alleged offense. The court held that the applicant was entitled to notice that the State would pursue such an affirmative finding, but that such notice need not necessarily appear in the indictment. At 775. However, the State must "plead" the use of a deadly weapon, either by putting it in the indictment or by a special plea pursuant to Tex. Code Crim.P.Ann. art. 27.01 (Vernon 1986).

At 775–776. Moreover, the Court held that the lack of notice was so egregious that the appellant's failure to object did not waive the error. At 777.

In the instant case, no notice that the State would seek a deadly weapon finding was given in the indictment or any other special plea. Although appellant did not object at trial, for the reasons set forth in *Ex parte Patterson* we conclude that the recitation in the judgment stating that appellant used a deadly weapon must be stricken.

Appellant's second point of error is sustained.

The judgment of the trial court is reformed to delete the affirmative finding of a deadly weapon.

In all other respects, the judgment is affirmed.