Arthur Lee POWELL, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00063–CR.

Court of Appeals of Texas, El Paso.

Oct. 24, 1990.

H. Thomas Hirsch, H. Thomas Hirsch & Associates, P.C., Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for the offense of solicitation of aggravated robbery with an affirmative finding of the use of a deadly weapon. The court assessed punishment at twenty years' imprisonment. We reform and affirm as reformed.

In Point of Error No. One, the Appellant asserts that there is insufficient evidence to support the conviction. At trial, G.W. Hillger testified that the Appellant approached him with regard to robbing the acting treasurer of the Odessa chapter of the Veterans of Foreign Wars as he took the organization's deposits to the bank. Hillger stated that the Appellant did the planning and was to drop Hillger off and then pick him up after the witness had completed the robbery. One robbery attempt occurred on June 6, 1988, but it was foiled when the intended victim failed to appear. Hillger then went to the district attorney's office and revealed the robbery plan. At subsequent meetings with the Appellant, the witness was wired for sound which fed into a video tape camera situated in a nearby van.

The offense of criminal solicitation is found in Tex.Penal Code Ann. § 15.03 (Vernon 1974):

> (a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

> (b) A person may not be convicted under this section on the uncorroborated testimony of the person allegedly solicited and unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the other person act on the solicitation.

The Appellant's sole complaint is that there is insufficient corroborative evidence of the solicitation. His specific complaint is that the video tapes were inadequately authenticated with regard to the voice and time identification. The Appellant contends that, absent the tapes, there is no corroboration of Hillger's testimony.

The statement of facts contains a transcription of the audio portion of the video tapes. Although they were admitted into evidence, the actual tapes have not been made part of the appellate record. The court reporter noted the time and date of the occurrence of each tape as it was

played. In the transcription, the three voices are identified as voice no. 1, voice no. 2 and voice no. 3. It is readily apparent from the content of the transcription which individual is talking. Ronnie Watson, the tape operator, stated that he was familiar with the Appellant's voice and he identified it as being on the tape. G.W. Hillger, who had known the Appellant for a number of years, identified the Appellant's voice on the tape as well as his own and that of another individual named Don Vaughn. Voice identification is a competent means of identification. *Locke v. State*, 453 S.W.2d 484 (Tex.Crim.App.1970). We find that the voices were sufficiently identified. Point of Error No. One is overruled.

■ In Point of Error No. Two, the Appellant contends that the court erred in making an affirmative finding that a deadly weapon was used during the commission of the instant offense. The indictment read, in pertinent part:

[I]ntentionally and knowingly, with intent that a felony of the first degree be committed, namely, the Aggravated Robbery of James Williams, request and attempt to induce G.W. Hillger to engage in specific conduct that, under the circumstances surrounding the conduct of G.W. Hillger as the defendant, ARTHUR LEE POWELL, SR., believed them to be, would constitute Aggravated Robbery, and such specific conduct was as follows, to-wit: the said defendant did intentionally and knowingly request and attempt to induce the said G.W. Hillger to threaten and place James Williams in fear of imminent bodily injury and death in the course of committing theft of property, with the intent to obtain or maintain control of the property, and to use and exhibit a deadly weapon, namely a firearm, ....

At the close of evidence, during the punishment stage of trial, the court made an affirmative finding of use of a deadly weapon and that finding is reflected in the judgment. The issue was not submitted to the jury at the guilt-innocence stage of trial. The Appellant asserts that he did not receive sufficient notice that this issue was

to be a fact issue at trial. The State maintains that the wording of the indictment provided adequate notice.

Accused persons are entitled to notice in some form that the use of a deadly weapon is to be a fact issue at the time of the prosecution, if the State intends to pursue the entry of a deadly weapon finding pursuant to Tex.Code Crim.Pro.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1990). *Ex parte Beck*, 769 S.W.2d 525 (Tex.Crim.App.1989). This notice is most appropriately given, in some form, in the indictment. *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App. 1987). The State must provide sufficient notice that the weapon alleged is a deadly weapon and that the use of a deadly weapon would be an issue in the State's prosecution. *Ex parte Beck*, 769 S.W.2d 525 (Tex. Crim.App.1989). There must be some form of notice given where there is no allegation in the indictment of death or serious bodily injury being caused by a weapon, but there will be evidence at trial that the defendant used or exhibited a weapon in the commission of the offense. *Id.* at 527. The Court of Criminal Appeals has held that the term "used ... a deadly weapon" during the commission of an offense means that the deadly weapon was employed or utilized in order to achieve its purpose. "Exhibited a deadly weapon" means the weapon was consciously shown or displayed during the commission of the offense. *Patterson v. State*, 769 S.W.2d 938 (Tex.Crim.App.1989). Further, in situations where the defendant is a party to the offense, there must be a specific finding by the trier of fact that the defendant himself used or exhibited the deadly weapon. *Travelstead v. State*, 693 S.W.2d 400 (Tex.Crim.App.1985).

In the present case, we find that the Appellant did not receive adequate notice. While there is an averment of the use and exhibition of a deadly weapon in the indictment, it alleges that the Appellant requested and attempted to induce someone other than himself to use and exhibit the deadly weapon. As an affirmative finding of use or exhibition of a deadly weapon cannot apply to a party to an offense unless he personally utilized the weapon, the allega-

tions in the indictment are insufficient to provide adequate notice.

■ When the court made its ruling with regard to the affirmative finding, the Appellant did not lodge an objection. The State contends that the Appellant's failure to lodge an objection complaining of lack of notice has caused the issue to be waived. A somewhat analogous situation is found in *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987). In that case, the defendant failed to object to the inclusion of an affirmative finding issue in the court's charge. Utilizing the analysis contained in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985), the Court held that the trial court committed egregious error by submitting the special issue of use or exhibition of a deadly weapon in the absence of a pleading by the State. Under *Almanza*, the question remained whether the lack of notice so infected the procedure as to render it unfair. Even with an inadequate record on appeal, the Court reasoned that there are some errors so egregious that an *Almanza* review cannot save them. The Court stated:

> But no amount of uncontroverted evidence, however conclusive it may seem, will remedy the fact that applicant was given no prior indication that the nature of the weapon used was to be a particular issue in the case, with additional consequences vis-a-vis his liberty.... Inasmuch as applicant's criminal trial operated also as a forum for litigating the deadly weapon issue, it was conducted *ex parte*. In no event could it be said under these circumstances that a "fair and impartial" proceeding occurred.

In the present case, while there was testimony that arguably showed the Appellant actually obtaining and exhibiting a deadly weapon, we find he received inadequate notice that the affirmative finding was to be litigated and, given the above authority, we find that he did not waive the issue on appeal. Point of Error No. Two is sustained.

■ In Point of Error No. Three, the Appellant argues that the court erred in failing to grant the Appellant's motion for mistrial due to prosecutorial misconduct in that the State failed to follow the court's order to furnish the Appellant with any details of a plea bargain or offer of immunity to the State's chief witness, G.W. Hillger. Prior to trial, the Appellant filed several discovery motions which included requests that the State disclose to the defense all exculpatory evidence. The Appellant also requested a disclosure of any concessions given to any prosecution witness in exchange for their cooperation. The court granted these requests, but due to a change in the personnel at the district attorney's office, the existence of such concessions with regard to the State's witness G.W. Hillger were not revealed to the Appellant until the day of trial. The former district attorney had agreed to drop various charges that were pending against Hillger in exchange for his cooperation in the investigation of the case. The State brought this matter out during the direct examination of Hillger and the Appellant fully explored the matter on cross-examination.

Nondisclosure as exists in the present case constitutes constitutional error and requires reversal of a conviction only if the evidence is material in the sense that its suppression might have affected the outcome of the trial. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The Appellant concedes that the outcome of the trial was not affected. The Appellant was able to fully cross-examine the witness with regard to the concessions that were given to Hillger. As such, we find no error. Point of Error No. Three is overruled.

The judgment of the trial court is reformed to delete any reference to an affirmative finding of use of a deadly weapon and the judgment, as reformed, is hereby affirmed.