NUMBERS
13-01-708-CR AND 13-01-709-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
CHRISTI B
EDINBURG

___________________________________________________________________

 

AARON NEAL PARSONS,                                                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                       On
appeal from the Criminal District Court

                                of Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Kennedy[1]

                                 Opinion
by Justice Kennedy

 








Appellant=s court- appointed
attorney has filed a brief in which he has concluded that these  appeals are wholly frivolous and
without merit.  Anders
v. California, 386 U.S. 738 (1967). 
The brief meets the requirements of Anders as it presents a
professional evaluation of why there are no arguable grounds for advancing an
appeal.  See Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9,
11 (Tex. App.BCorpus Christi 1995,
no pet.).

Appellate counsel has included in his brief a statement certifying
that he has sent a copy of his brief and the reporter=s record to appellant
and has informed appellant by accompanying letter that it is the opinion of
counsel that the appeals are without merit, and that he (appellant) personally
has the right to view the record and file a pro se brief raising any
ground of error or complaint which he may desire.  No pro se brief has been filed.

In Penson v. Ohio, 488 U.S. 75 (1988), the Supreme Court
discussed the responsibilities of an appellate court upon receiving a Afrivolous appeal@ brief.  The court stated: AOnce the appellate
court receives this brief, it must then, itself, conduct a full examination of
all the proceedings to decide whether the case is wholly frivolous.@  Id. at 80.  This we have done, and we conclude that the
appeals are wholly frivolous and that no error appears therein.  See Stafford, 813
S.W.2d at 511.

Although appellant=s counsel concedes
that the appeals are frivolous because no error of law has been found, he
asserts a separate claim for relief. 
Counsel alleges in his brief:








Counsel herein may
have, however, found error in the amended judgment of the court.  This error will not require a reversal, but
may affect the appellant=s eligibility for
Parole.  On August 14, 2001 the court
signed and entered of record the judgment in appellant=s case.  In the August 14, 2001 judgment no
affirmative finding of a deadly weapon was found.  However, on September 10, 2001 the court
amended the judgment nunc pro tunc and added an affirmative finding to
the use of a deadly weapon.  The
affirmative finding by the trial judge that a deadly weapon was used in the
commission of the instant offense should be stricken from the judgment because
appellant had no notice that the State would seek such a finding. (All
citations omitted.)

 

Having carefully examined the record, we agree, and for the reasons
stated by counsel, we REFORM the judgments of the trial court to delete the
affirmative finding of a deadly weapon.  Ex
parte Patterson, 740 S.W.2d 766 (Tex. Crim. App. 1987); Perry v. State,
744 S.W.2d 632 (Tex. App.BHouston [1st
Dist.] 1987, no pet.).  In all other
respects, the judgments are AFFIRMED.

 

NOAH
KENNEDY

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 7th day of November,
2002.

 











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).