NO.
12-05-00034-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARK ANTHONY KENNEDY,      §                      APPEAL FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


OPINION

            The court’s
opinion of February 28, 2006 is withdrawn, and the following opinion is
substituted in its place.[1]

            Mark Anthony
Kennedy appeals his conviction for attempted aggravated kidnapping with a
finding that he used a deadly weapon, for which he was sentenced to
imprisonment for twenty years.  Appellant
raises one issue on appeal.  We modify
and, as modified, affirm.

 

Background

            Appellant
was charged by indictment as follows:

 

[O]n or about the
10th day of March, 2004, and anterior to the presentment of this Indictment, in
the County and State aforesaid, MARK KENNEDY did then and there, with the
specific intent to commit the offense of Aggravated Kidnapping of Amanda
Chastain, do an act, to-wit: threaten Amanda Chastain with a knife and pull
Amanda Chastain towards a car, which amounted to more than mere preparation
that tended but failed to effect the commission of the offense intended. . . . 

Appellant pleaded guilty as charged
without a plea bargain agreement.  The matter
proceeded to a bench trial on the issue of punishment.  Following the presentation of evidence and
the argument of counsel, the trial court sentenced Appellant to imprisonment
for twenty years and entered a judgment containing a finding that Appellant
used or exhibited a deadly weapon in the commission of the offense.  This appeal followed.

 

Notice of
Intent to Seek “Deadly Weapon” Finding

            In his sole issue, Appellant argues
that the trial court erred in making a finding that Appellant used a deadly weapon
because Appellant was not given proper notice of the State’s intent to seek
such a finding.

Waiver

            The
State first argues that Appellant waived his right to appeal in conjunction
with his open plea of guilty.  A valid
waiver of appeal, whether negotiated or non-negotiated, will prevent a
defendant from appealing without the consent of the trial court.  Monreal v. State, 99 S.W.3d
615, 622 (Tex. Crim. App. 2003). 
However, to prevent a defendant from appealing, a waiver of appeal must
be made knowingly, intelligently, and with certainty as to what punishment will
be assessed. See Delatorre v. State, 957 S.W.2d 145, 149 (Tex.
Crim. App. 1997).  In the case at hand,
although Appellant waived his right to appeal in writing on or about November
29, 2004, he was not sentenced until December 20, 2004.  Since Appellant had no way of knowing with
certainty the punishment that would be assessed at the time he waived his right
to appeal, the waiver was premature.  Id.  Thus, we conclude that Appellant did not require
the trial court’s permission to pursue his appeal.  

            The
State further argues that Appellant waived the issue he now seeks to raise on
appeal by his failure to object to the trial court’s finding that he used a
deadly weapon.  In support of its argument,
the State cites Hill v. State, 750 S.W.2d 2 (Tex. App.–Fort Worth
1988, pet. ref’d, untimely filed). 
However, in Hill, the court did not address the issue of
whether an appellant is required to object to the State’s failure to give
notice that it seeks a finding that the defendant used a deadly weapon.  Id. 
It is, therefore, distinguishable from the case at hand.

            To
the contrary, the court of criminal appeals has held that no amount of
uncontroverted evidence, however conclusive it may seem, will remedy the fact
that a defendant was given no prior indication that the nature of the weapon
used was to be a particular issue in the case, with additional consequences
vis-a-vis his liberty.  See Ex
parte Patterson, 740 S.W.2d 766, 777 (Tex. Crim. App. 1987), overruled
on other grounds, Ex parte Beck, 769 S.W.2d 525, 527 (Tex. Crim.
App. 1989).  Since the court’s decision
in Ex parte Patterson, other courts of appeals have held that
failure to object at trial does not forfeit a defendant’s right to raise the
issue that he failed to receive proper notice of the State’s intent to seek a
deadly weapon finding.  See, e.g., Tellez
v. State, 170 S.W.3d 158, 163 (Tex. App.–San Antonio 2005, no pet.); Patterson
v. State, 138 S.W.3d 643, 646–47 (Tex. App.–Dallas 2004, no pet.); Powell
v. State, 808 S.W.2d 102, 104–105 (Tex. App.–El Paso 1990, no pet.); Perry
v. State, 744 S.W.2d 632, 633 (Tex. App.–Houston [1st Dist.] 1987, no
pet.).  In accordance with the court’s
decision in Ex parte Patterson and the holdings of our sister
courts of appeals, we hold that Appellant did not waive the issue he now seeks
to raise by his failure to object at trial.

Notice

            Having
concluded that Appellant can raise the issue, we now consider whether Appellant
received notice that the State intended to seek a deadly weapon finding.[2]  Entry of a deadly weapon finding without the
requisite notice is constitutional error. 
See Tellez, 170 S.W.3d at 163.  The State may give notice of its intent to
seek a deadly weapon finding in one of two ways: (1) by pleading the use or
exhibition of a deadly weapon in the indictment or (2) by filing a separate
pleading giving notice of such intent.  Ex
Parte Patterson, 740 S.W.2d at 776; Rachuig v. State, 972
S.W.2d 170, 177 (Tex. App.–Waco 1998, pet. ref’d).  Here, since the record does not contain a
separate pleading giving notice of such intent, we look at the face of the
indictment to resolve the issue.  The
indictment states, in pertinent part, as follows:

 

. . .MARK KENNEDY
did then and there, with the specific intent to commit the offense of
Aggravated Kidnapping of Amanda Chastain, do an act, to-wit: threaten Amanda
Chastain with a knife and pull Amanda Chastain towards a car, which amounted to
more than mere preparation that tended but failed to effect the commission of
the offense intended. . . . 

                                                                                    








 

            Any
allegation that avers a death or serious bodily injury was caused by a named
weapon or instrument necessarily includes an allegation that the named weapon
or instrument was, in the manner of its use, capable of causing death or
serious bodily injury.  See Rachuig,
972 S.W.2d at 177 (citing Beck, 769 S.W.2d at 526).  No such allegations are included in the
indictment before us.

            Moreover,
the court of criminal appeals has held that a knife is not a deadly weapon per
se.  See Thomas v. State,
821 S.W.2d 616, 619 (Tex. Crim. App. 1991). 
Rather, the pertinent details with regard to a knife’s potential
classification as a deadly weapon include (1) the dimensions of the object, (2)
the nature of the wounds it inflicted, (3) the manner of its use, and (4) its
life threatening capabilities.  Id.  Again, no such allegations are set
forth in the indictment at hand.  The
knife at issue is not referred to as a “deadly weapon” in the indictment.  There is furthermore no description of the
knife’s appearance or of the manner of Appellant’s alleged use of it.  We hold that the State failed to give
Appellant notice in the indictment that it intended to seek a deadly weapon
finding.  Because the State did not give
Appellant the required notice, the trial court’s entry of a deadly weapon
finding was erroneous, and the finding must be deleted.  See Ex Parte Patterson, 740
S.W.2d at 778, Patterson, 138 S.W.3d at 647; see also Polk
v. State, 693 S.W.2d 391, 395-96 (Tex. Crim. App. 1985).  Appellant’s sole issue is sustained.

 

Conclusion

            Having
held that the trial court committed error, we modify the trial court’s judgment
to delete the finding that Appellant used or exhibited a deadly weapon.  However, we need not reverse unless we
determine beyond a reasonable doubt that the error did not contribute to
punishment.  See Tex. R. App. P. 44.2(a); Tellez,
170 S.W.3d at 163–64.  Here, the deadly
weapon finding does not affect when Appellant will be eligible for parole.  See Tex.
Gov’t Code Ann. § 508.145(d) (Vernon Supp. 2005); Tex. Code Crim. Proc. Ann. art. 42.12 §
3g(a)(1)(D) (Vernon Supp. 2005). Moreover, the trial court’s deadly weapon
finding in the instant case cannot be said to have lengthened Appellant’s
sentence inasmuch as use or exhibition of a deadly weapon is not a required
element of aggravated kidnapping assuming the evidence demonstrates that the
accused possessed the requisite mens rea. 
See Tex. Pen. Code Ann.
§ 20.04 (Vernon 2003); see also Ex parte Patterson, 740 S.W.2d at
778.  Therefore, we affirm
the trial court’s judgment as modified.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion
delivered April 19, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
See Tex. R. App. P. 50.





[2]
The State makes no contention in its brief that the indictment did, in fact,
provide Appellant notice of its intent to seek a deadly weapon finding.