**Affirmed as modified; Opinion Filed May 7, 2019.**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00366-CR

**NUBIA SANCHEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 17-10431-86-F**

## MEMORANDUM OPINION

Before Justices Myers, Osbourne, and Nowell
Opinion by Justice Myers

Appellant Nubia Sanchez pleaded guilty to the offense of attempted murder and was sentenced to sixteen years' imprisonment and a $2,000 fine. In one issue, appellant contends the State did not provide sufficient notice it would seek a deadly weapon finding. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

The indictment charged appellant with the offense of conspiracy to commit capital murder. She pleaded guilty to the lesser-included offense of attempted murder, without an agreement as to punishment.

The evidence shows that on the morning of June 21, 2017, David Gillette hid in the garage at the home of appellant and her husband, Othon Sanchez, waited for Othon to walk by on his way to tend to a cow, and then shot at Othon multiple times using a "Judge," a pistol with a rifle stock and scope. Appellant's pretrial confession and text messages with Gillette indicate she had been

in a long-term relationship with him and that they had talked about killing Othon. Othon testified at the sentencing hearing that about three months prior to the incident, appellant told him she was no longer in love with him and wanted a divorce.

At the sentencing hearing, the State asked the trial court to make an affirmative finding that a deadly weapon was used in the offense. The defense objected it had not received notice of the State's intent to seek a deadly weapon finding. The trial court ultimately concluded appellant had been counseled that the court could make the deadly weapon finding, admonishing appellant in part as follows:

> THE COURT: Let's go back on the record. We're back on the record. Ms. Sanchez, let me just—let me do this, okay, so that it's all clear. Did your attorney go over with you the consequences specifically on the deadly weapon issue?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And so you knew today that I could find you—I could find a deadly weapon on this case. Is that correct, or is that not correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Let me just ask you this question then: if you were given the choice to throw out the plea and not go forward with the plea or withdraw your plea knowing that I can—now knowing that I can find you guilty with the deadly weapon, would you do that? But also knowing there is a consequence to that. If I throw out the plea, that also means the first-degree felony is back on the table. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you want to go forward now knowing that I can make a deadly weapon finding?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you understand, you've gone over that with your attorney, what that means?
>
> THE DEFENDANT: Yes.

The trial court overruled the defense's objection, satisfied that appellant had been properly admonished on the full range of punishment, including the deadly weapon finding, and that the

plea was voluntarily entered. The trial court then found appellant guilty and assessed punishment at sixteen years' imprisonment and a $2,000 fine. The court also made the deadly weapon finding. Appellant filed a motion for new trial that was overruled by operation of law, and this appeal followed.

## DISCUSSION

Appellant's argument is that the deadly weapon notice is insufficient to sustain the court's deadly weapon finding. She complains that because there was no allegation in the indictment comporting with the definition of a deadly weapon as set out in the Texas Penal Code, she was not put on notice that there would be an issue in the case concerning the use or exhibition of deadly weapon, as required for the entry of a deadly weapon finding in the judgment.

The indictment alleged that on or about June 21, 2017, in Kaufman County, Texas, appellant did then and there,

> with the intent that Capital Murder, a felony, be committed, agree with David Gillette that they OR one of them would engage in conduct that would constitute the offense, to-wit: kill Othon Sanchez, and David Gillette performed an overt act in pursuance of the agreement, to-wit: by shooting at Othon Sanchez.

During the sentencing hearing, after determining appellant had been admonished that the court could make a deadly weapon finding and after giving appellant the opportunity to withdraw her plea, the trial court overruled the defense's notice objection and entered the deadly weapon finding.

A deadly weapon finding may be made if a defendant used or exhibited a deadly weapon during the offense or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. ANN. art. 42A.054(b); *Lafleur v. State*, 106 S.W.3d 91, 96 n.33 (Tex. Crim. App. 2003). A defendant is entitled to written notice that the State intends to seek an affirmative weapon finding. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *Ex parte Brooks*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993) (per curiam). Failure to give any notice requires that the deadly weapon finding be excluded from the judgment. *Patterson v. State*,

–3–

138 S.W.3d 643, 647 (Tex. App.—Dallas 2004, no pet.).

The notice requirement is satisfied when the indictment alleges use of a deadly weapon. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). Even when, as in this case, the indictment does not name a specific weapon or state that a deadly weapon was used, the notice requirement is satisfied when the manner of committing the alleged offense necessarily involves or implies use of a deadly weapon. *See Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (holding that allegation of aggravated assault by causing serious bodily injury with weapon or instrument "necessarily implies the use of a deadly weapon," which is anything that in the manner of its use or intended use is capable of causing serious bodily injury); *Jimenez v. State*, Nos. 05–01–00738–CR, 05–01–00739–CR, 2002 WL 1340294, at **2–3 (Tex. App.—Dallas 2002, pet. ref'd) (not designated for publication) (where indictment did not name or describe the weapon but alleged that defendant caused "bodily injury" to complainant by "shooting" him, there was no specific deadly weapon allegation in indictment, and State did not provide any other form of written notice, notice was nevertheless sufficient because language in indictment necessarily implied defendant used firearm to injure complainant); *see also Bethel v. State*, 842 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (indictment that charged defendant with causing death of victim by hitting victim with hammer or unknown object was sufficient notice of State's intent to pursue deadly weapon finding).

The notice requirement was satisfied in this case by the indictment alleging Gillette shot at Othon in pursuance of an agreement to kill him—an allegation that necessarily involved or implied the use of a deadly weapon. To "kill" is defined as "[t]o end life; to cause physical death." BLACK'S LAW DICTIONARY 1002 (10th ed. 2014). A deadly weapon includes anything that in the manner of its intended use is capable of causing death. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B). An indictment alleging that a person shot at a victim in furtherance of an

agreement to cause that person's death necessarily alleges the person shot at the victim with something that was capable of causing death in the manner it was used. In addition, "shoot" is defined as "[t]o strike with something shot; to hit, wound, or kill with a missile discharged from a weapon." BLACK'S LAW DICTIONARY 1378 (5th ed. 1979). The term "shooting" generally implies the use of a firearm. *See Jimenez*, 2002 WL 1340294, at *3. Furthermore, a firearm is a deadly weapon per se. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A).

Appellant's contrary arguments are unpersuasive. She appears to argue that the indictment did not provide her sufficient notice because it did not name a particular weapon or contain an allegation that a deadly weapon was used. But as we have already discussed, the indictment did not need to be so particular if the use of a deadly weapon was necessarily involved or implied, as it was here. We also note that appellant cites a 1990 case from the El Paso Court of Appeals that concluded the defendant was not given adequate notice of the State's intent to seek a deadly weapon finding. *Powell v. State*, 808 S.W.2d 102, 104 (Tex. App.—El Paso 1990, no pet.). In *Powell*, following a punishment hearing before the court, the trial court ruled it would make an affirmative finding of use of a deadly weapon, and that finding was entered in the judgment. *Id.* The appellant did not object when the trial court made the finding. *Id.* at 105. The appellate court found that the appellant's failure to object to the entry of the deadly weapon finding had not waived the issue of lack of notice of the State's intent to seek a deadly weapon finding. *Id.* Yet as the Court of Criminal Appeals subsequently recognized in *Lafleur v. State*, the Texas Code of Criminal Procedure was amended in 1991 to permit the entry of a deadly weapon finding based on a determination that a party to the offense knew a deadly weapon would be used or exhibited during the commission of the offense. *See Lafleur*, 106 S.W.3d at 96 n. 33.

In this case, there is ample evidence in the record supporting such a finding. We conclude the trial court did not err in making the deadly weapon finding, and we overrule appellant's issue.

We affirm the trial court's judgment.

/Lana Myers/

LANA MYERS
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)
180366F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

NUBIA SANCHEZ, Appellant

No. 05-18-00366-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 17-10431-86-F.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of May, 2019.